## In re Vincent ILLUZZI, Esq.

[683 A.2d 1008]

No. 95-346

August 1, 1996. Respondent Vincent Illuzzi appeals from a recommendation of the Professional Conduct Board that he be disbarred for filing three complaints against Judge David Suntag with the Judicial Conduct Board. He argues that (1) complainants to the Judicial Conduct Board are absolutely immune for filing a complaint, (2) he has an absolute privilege because he filed the complaints in his capacity as a state senator, (3) the Board denied him due process by failing to allow him to return to a prestipulation position when it rejected the recommended sanction, (4) the Board erred by failing to recuse itself based on its close relationship with its general counsel who is married to Judge Suntag, and (5) the Board's recommended sanction cannot be supported by the parties' stipulation. We agree that the parties' stipulation does not support disbarment, and we impose the eighteen-month suspension agreed upon by the parties. Accordingly, we do not reach the other issues raised.

Respondent and bar counsel stipulated to the following facts and conclusions. Respondent was admitted to practice law in Vermont in 1979. He is a state senator and a member of the Senate Judiciary Committee. In 1993, respondent was the subject of professional conduct proceedings that resulted in his suspension from the practice of law. Respondent has been under suspension since September 1, 1993. Until February 1993, respondent had never filed a complaint with the Judicial Conduct Board. He then filed three complaints on Senate letterhead against Judge Suntag, during the professional conduct proceedings that resulted in the current suspension. Those proceedings were prosecuted by Judge Suntag's wife, Wendy Collins, who was bar counsel at that time. Respondent filed the three complaints with reckless disregard of obvious facts and basic legal principles because he was angry with Attorney Collins and dislikes Judge Suntag.

Based on the three complaints, respondent stipulated to violations of DR 8-

101(A)(2) (lawyer who holds public office shall not use position to influence tribunal to act in favor of himself or client); DR 1-102(A)(5) (lawyer shall not engage in conduct prejudicial to administration of justice); and DR 1-102(A)(7) (lawyer shall not engage in conduct that adversely reflects on fitness to practice law). The parties jointly recommended that respondent be suspended for a period of eighteen months, effective October 13, 1994. The Board accepted the stipulation to facts and ethical violations but rejected the recommended sanction. It recommends that respondent be disbarred.*

To determine the appropriate sanction, we have relied on the American Bar Association Standards for Imposing Lawyer Sanctions (1991 & 1992 amendments) (ABA Standards), which lists four factors to consider: (1) the duty violated; (2) the lawyer's mental state; (3) the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors. *In re Karpin*, 162 Vt. 163, 173, 647 A.2d 700, 706 (1993). ABA Standard 5.21 states that "[d]isbarment is generally appropriate when a lawyer in an official or governmental position knowingly misuses the position with the intent to obtain a significant benefit or advantage for himself or another, or with the intent to cause serious or potentially serious injury to a party or to the integrity of the legal process." The commentary to this section indicates that public officials subject to disbarment generally have engaged in fraud and are subject to criminal sanctions as well. The example provided is *In re Rosenthal*, 382 N.E.2d 257 (Ill. 1978), *cert. denied*, 440 U.S. 961 (1979), wherein two lawyers, one an assistant attorney general, were disbarred for participating in an extortion scheme to benefit their client.

Similarly, ABA Standard 7:1 states that "[d]isbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and cause[s] serious or potentially serious injury to a client, the public, or the legal system." As an example the commentary indicates that disbarment is appropriate when the lawyer intentionally makes false material statements in his application for admission to the bar. Thus, disbarment is warranted where the misconduct is done knowingly, the injury is serious or potentially serious, and there is some benefit to the lawyer or another. Moreover, conduct resulting in disbarment is generally criminal as well.

Respondent's misconduct does not rise to this level, at least based on the record before us. We discern no serious injury, potential or actual, in the parties' stipulation, nor do we discern any direct benefit to respondent from filing the complaints. Further, there is no indication that respondent's misconduct could subject him to criminal sanctions. Aggravating factors include respondent's substantial experience in the practice of law, five prior disciplinary offenses, an improper motive in filing the complaints, and multiple offenses. Mitigating factors include that respondent has acknowledged the wrongful nature of his conduct, has cooperated in the disciplinary proceeding and is remorseful.

Upon considering these factors, we agree with the parties that an eighteen-month suspension is the appropriate sanction. See Commentary to ABA Standard 5.22 (suspension is appropriate sanction when public official knowingly acts improperly but not for own benefit). Based on respondent's prior disciplinary record, however, we impose the sanction effective as of the date of this order. Respondent shall not be reinstated until he has demonstrated to the Professional

---

*Before this Court, bar counsel argues for the eighteen-month suspension to which the parties agreed.

Conduct Board by clear and convincing evidence that he has the moral qualifications, competency and learning required for admission to the practice of law in this state, that resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest, and that respondent has been rehabilitated.

*Vincent Illuzzi is suspended from the practice of law for the period of eighteen months, beginning August 1, 1996.*